## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DWAYNE COMEGER and JOYCE COMEGER**          **PLAINTIFFS**

**v.**                                   **CAUSE NO. 1:16CV13-LG-RHW**

**WELLS FARGO BANK, N.A., MORRIS**
**& ASSOCIATES, and EMILY KAYE COURTEAU**          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss [8] filed by Defendants

Morris & Associates and Emily Kaye Courteau. *Pro se* plaintiffs Dwayne and Joyce

Comeger allege that the defendants wrongfully foreclosed on property they owned in

Carriere, Mississippi, despite notice that the property was protected by a

bankruptcy stay. In their Motion, the defendants contend that the bankruptcy case

was filed by the Nanotek Group Irrevocable Trust, an entity that did not own the

property, and therefore foreclosure of the Carriere property was not prevented by

the bankruptcy stay. The Court finds that Motion should be granted and the claims

against Morris & Associates and Emily Kaye Courteau dismissed.

BACKGROUND

The Plaintiffs allege that they "[were] the record title holder of the property

located at 153 SHIRLEY WISE DR., CARRIERE, MS 39426," and they "did in fact

file Chapter 7 Bankruptcy on behalf of NANOTEK GROUP IRREVOCABLE

TRUST as Trustee" on May 29, 2014 at 11:41 a.m. (Compl. 2 (¶9), ECF No. 1). On

the same day, the defendants conducted a non-judicial sale of the Carriere property.

(*Id*.).  Plaintiffs allege this action violated the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), and constituted wrongful foreclosure under "Federal and various State laws."  (*Id*. at 3).  They request either compensatory damages or that "[t]itle to the property be returned to its true owner NANOTEK GROUP IRREVOCABLE TRUST."  (*Id*.).

The moving defendants argue that the Complaint fails to state a claim because plaintiffs "have failed to show that Nanotek Group Irrevocable Trust had any interest in the subject property or that if it did that the Bankruptcy filing occurred prior to the foreclosure sale."  (Def. Mem. 10, ECF No. 10).  They further argue that the claims should be dismissed on *res judicata* grounds, because the Court dismissed an identical suit filed by these plaintiffs.  *See Comeger v. Wells Fargo Bank, et al.*, No. 1:14cv285-LG-JCG (S.D. Miss. July 21, 2014).  The plaintiffs did not file a response to the Motion, and the time for doing so has passed.  *See* L.U.Civ.R. 7(b)(4).

DISCUSSION

1.  The Legal Standard

The movants attached a number of documents to their Motion which are outside the pleadings.  The documents consist of land records filed in the Chancery Clerk's Office of Pearl River County, Mississippi, and bankruptcy court filings.  Generally, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule

56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  However, documents attached to a motion to dismiss which are referred to in a complaint and are central to the plaintiff's claims may be considered in addressing a motion to dismiss.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  The Court may also take judicial notice of public records under Federal Rule of Evidence 201 when considering a Rule 12(b)(6) motion.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).  As the matters outside the pleadings submitted in connection with this Motion are both central to the Plaintiffs' claims and public records, the Court may consider them without converting the Motion to one under Rule 56.

Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face.  *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2.  Res Judicata

As an initial matter, the Court finds that *res judicata* does not apply to this case.  The doctrine applies when four elements are present.  First, the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action.  Second, the judgment in the prior action must have been rendered by a

court of competent jurisdiction.  Third, the prior action must have concluded with a final judgment on the merits.  Fourth, the same claim or cause of action must be involved in both suits. *Vines v. Univ. of La. at Monroe*, 398 F. 3d 700, 704-05 (5th Cir. 2005).

Although three of the elements are satisfied in this case, res judicata does not apply because the earlier case did not end with a final judgment on the merits. Instead, the case was dismissed without prejudice for failure to prosecute.  (*See* Order Dismissing Case for Failure to Prosecute, *Comeger*, No. 1:14CV285-LG-JCG, ECF No. 11).  Therefore, the Court will examine the legal sufficiency of Plaintiffs' allegations.

3.  Violation of Bankruptcy Stay

The moving defendants contend that the Complaint fails to state a claim for violation of the bankruptcy stay because the bankrupt party had no interest in the foreclosed property.  The allegations of the Complaint are somewhat ambiguous, since the Plaintiffs state both that they are "the record title holder of the property" (Compl. 2 (¶8)), and that the property's "true owner" is Nanotek Group Irrevocable Trust.  (*Id*. at 3 (¶13)).

The public records provided indicate that Joyce Comeger held record title to the property.  The Warranty Deed and the Deed of Trust both name only her, as a single person.  (Def. Mot. Ex. A & B, ECF Nos. 10-1 & 10-2).  It appears that Joyce attempted to transfer the property to the Nanotek Group Irrevocable Trust upon its creation on January 1, 2010.  (Def. Mot. Ex. E 8, 9, ECF No. 10-5).  But there is

nothing in the Court record showing that she recorded a transfer in the land records.  Dwayne Comeger's only connection to the property appears to be that he was named Trustee of the Nanotek Group Irrevocable Trust.  (Def. Mot. Ex. 8, at 1, ECF No. 10-5).

Regardless of who owned the Carriere property, the Plaintiffs may not bring a claim based upon violation of the bankruptcy stay.  If the property was owned by the Nanotek Group Irrevocable Trust, then the Trust would have a private right of action for violation of the bankruptcy stay, not these plaintiffs.  *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355 (5th Cir. 2008); *see also In re Bhakta*, No. 13-10407-JDW, 2013 WL 8597008, at *3 (Bankr. N.D. Miss. Aug. 23, 2013) ("the actions stayed are actions by creditors to recover from the debtor, property of the debtor, or property of the estate for a debt that arose prior to the petition date.").[1]  If the Carriere property was owned by Joyce Comeger, then it

---

[1] There is no indication in the bankruptcy court record that the Trust owned any property, as the Petition was filed on May 29, 2014 without the required Schedules.  (*See* Am. Deficiency Notice, *In re Nanotek Group Irrevocalbe* [sic] *Trust*, No 14-50904-KMS (Bankr. S.D. Miss.), ECF No. 2).  The Bankruptcy Trustee moved within days of the filing to dismiss the Petition because 1) the Trust was not eligible to be a "debtor" under Section 109(a) of the Bankruptcy Code, and 2) the Petition was filed by Dwayne Comeger pro se, when a trust must be represented by a licensed attorney.  (*See* Trustee's Mot. to Dismiss, *In re Nanotek*, ECF No. 9).  The bankruptcy court noticed a hearing to show cause why the case should not be dismissed for failure to file schedules and statements.  (Show Cause Order, *In re Nanotek,* ECF No. 12).  Dwayne Comeger appeared and was granted seven days – until July 10, 2014 – "to hire counsel and file schedules/statements or case will be dismissed."  (Am. Minute Entry, July 3, 2014, *In re Nanotek*, ECF No. 15).  No schedules or statements were filed, and on July 11, the case was  dismissed.  (Order Granting Trustee's Mot. to Dismiss Debtor, *In re Nanotek*, ECF No. 18).

would not have been subject to the bankruptcy stay because it was not property of the debtor.  For these reasons, the plaintiffs fail to allege facts showing a plausible claim of violation of the bankruptcy stay.

4.  Wrongful Foreclosure

"Under Mississippi law, '[a] mortgagor is entitled to recover damages for a wrongful or fraudulent foreclosure of the mortgage, as where an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor; or he may recover damages where the foreclosure is conducted negligently or in bad faith, to his detriment.'"  *Dabney v. Countrywide Home Loans, Inc.*, 428 F. App'x 474, 476 (5th Cir. 2011) (quoting *Nat'l Mortg. Co. v. Williams*, 357 So. 2d 934, 935-36 (Miss. 1978)).

The Court must liberally construe the allegations of Plaintiffs' Complaint because of their pro se status.  Having done so, it appears to the Court that Plaintiffs allege that their wrongful foreclosure claim arose when the defendants continued with the foreclosure sale despite notice of Nanotek's bankruptcy filing. (Compl. 2 (¶ 11)).  This claim is not viable for the same reasons as above.  The public records provided show that the property was owned and subject to a mortgage entered into by Joyce Comeger.  The Nanotek bankruptcy stay could have no legal effect on the defendants' ability to foreclose on Joyce Comeger's mortgage on the property.  If Nanotek is in fact a mortgagor of the property, it must bring a wrongful foreclosure claim premised on the bankruptcy stay on its own behalf. Accordingly, the Court concludes that the Plaintiffs fail to allege facts showing a

plausible claim of wrongful foreclosure.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [8] filed by Defendants Morris & Associates and Emily Kaye Courteau is **GRANTED**.  Plaintiffs' claims against these defendants are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

**SO ORDERED AND ADJUDGED** this the 19th day of April, 2016.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

\